UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

STEPHANIE A. GRAY and
PETTY OFFICER JAMES L. GRAY, JR.,

    Plaintiffs

v.                                    ACTION NO. 4:11cv70

BANK OF AMERICA, N.A., et al.,

    Defendants.

## NAVY FEDERAL CREDIT UNION'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Defendant Navy Federal Credit Union ("Navy Federal"), by counsel, submits the following Memorandum of Law in support of its Motion to Dismiss certain claims in Plaintiffs' Complaint. Specifically, to the extent Plaintiffs assert some claim under the Fair Credit Reporting Act ("FCRA"), no private right of action exists against Navy Federal. Further, any claim under the Fair Credit Billing Act ("FCBA") has not been adequately pled. In further support hereof, Navy Federal states as follows:

Preliminary Statement

This case, filed April 21, 2011, arises from Plaintiffs' assertion that Navy Federal (among other creditors named as Defendants) did not comply with the rights afforded Plaintiffs under the Servicemembers Civil Relief Act ("SCRA") during Plaintiff James Gray's active duty deployment from October 2006 through January 2011. Compl., ¶¶ 18, 24. Specifically, Plaintiffs contend that they were charged interest in excess of six percent (6%), which resulted in

Plaintiffs' default on their credit obligations, and damaged Plaintiff James Gray's credit, rendering him ineligible for a necessary security clearance.[1] Compl., ¶¶ 22-24.

Prior to his active duty, Plaintiff James Gray maintained a VISA account with Navy Federal, allegedly last used on September 21, 2006. Compl., ¶ 82. Although Plaintiff alleges he requested a reduction in his interest rate, he asserts Navy Federal ignored his request, increased the interest rate, and then closed the account, while reporting the account adversely to the credit reporting agencies.[2] Compl., ¶¶ 83, 84, 92. Plaintiffs seek damages under SCRA, FCRA, and FCBA arising from this incident.

As discussed more fully below, any FCRA claim must be dismissed as FCRA does not afford a private right of action against a creditor. Further, Plaintiffs' FCBA claim fails as there is no indication that Plaintiffs provided the written notice prerequisite to an FCBA claim.

Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994). When considering a motion to dismiss, the court should accept as true all well-pleaded factual allegations and should view the complaint in a light most favorable to the plaintiff. De Sole v. United States, 947 F.2d 1169, 1171 (4th Cir. 1991). The court, however, need not accept as true the legal conclusions, unwarranted inferences, unreasonable conclusions or arguments asserted in the complaint. E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000); Edwards v. City of

---

[1] Plaintiffs' allegation that Plaintiff James Gray's ineligibility for a clearance has rendered him "unemployable" and "made it impossible for the Servicemember to regain or seek civilian employment" is specious, at best, as subsequent filings in this matter demonstrate that Plaintiff James Gray is working and is (or was) assigned to Fort Meade, Maryland.

[2] Navy Federal vehemently disputes Plaintiffs' claims and asserts that, upon receipt of the written notification that is a prerequisite of SCRA, Navy Federal appropriately adjusted the interest rate on Plaintiffs' account during the term of Plaintiff James Gray's active duty.

Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). Furthermore, a "pleading that offers 'legal conclusions' of 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007)); Stidham v. Jackson, 2007 U.S. Dist. LEXIS 54032 at *13 (W.D.Va. July 26, 2007) (legal conclusions "couched as factual allegations need not be accepted as true"); Assa'Ad-Faltas v. Virginia, 738 F. Supp. 982, 985 (E.D.Va. 1989) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 570). A claim is "facially plausible" when the claimant pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In Iqbal, the Supreme Court enunciated a "two-pronged approach" for determining whether a complaint survives dismissal:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Id. at 1949-50.

Argument

Even viewing the Complaint in a light most favorable to these *pro se* Plaintiffs, the Complaint fails to state viable causes of action under FCRA or FCBA and any such claims should therefore be dismissed.

I.    <u>No Private Right of Action Exists Against Navy Federal Under FCRA.</u>

Any claim under FCRA must fail as the Act does not provide for a private action directly against a creditor. Under FCRA, a consumer must report any discrepancy to the credit reporting agencies, which then seek verification from furnishers, such as Navy Federal. A private cause of action exists only where a furnisher fails to comply with its statutory obligations upon receipt of a dispute notice from a credit reporting agency. 15 U.S.C. § 1681s-2(c) (noting that private causes of action apply only to subsection (b), which pertains to notices of dispute received from credit reporting agencies); see Welder v. Welder, *et al.*, 2010 U.S.Dist. LEXIS 47653 at *13 (S.D.Tex. May 14, 2010) (finding that FCRA claim fails as matter of law where no proof that furnisher received dispute notice from credit reporting agency); Alves v. Verizon, *et al.*, 2010 U.S.Dist. LEXIS 75917 at *25-26 (D.N.J. July 27, 2010) (dismissing FCRA claim where consumer disputed debt directly with furnisher) (copies attached as Exhibits A and B, respectively).

Here, the Complaint is devoid of any allegation that Plaintiff James Gray filed any discrepancy report with the credit reporting agencies or that Navy Federal failed to respond to a dispute notice from a credit reporting agency. Indeed, there is no indication in the Complaint that Plaintiffs even notified Navy Federal of the credit reporting dispute. As such, any claim under FCRA fails and must be dismissed.

II.     Plaintiffs' FCBA Claim Fails.

Plaintiffs' claim under the FCBA must be dismissed as Plaintiffs have not established that they provided written notice to Navy Federal that the billing statements were incorrect. To invoke the Act, a borrower must provide a creditor with written notice of any alleged billing error within sixty days after the account statement was mailed. 15 U.S.C. § 1666(a). The creditor is then afforded an opportunity to investigate the allegation and respond accordingly. Id.

As the Complaint fails to allege any written notification to Navy Federal regarding the alleged billing error(s), this claim must be dismissed.  Dimedio v. HSBC Bank, 2009 U.S.Dist. LEXIS 68129 at *6 (D.N.J. Aug. 4, 2009) (dismissing FCBA claim where plaintiff failed to provide written notice of billing error) (attached as Ex. C); Fowler v. Bank of Am., Corp., *et al.*, 2011 U.S.Dist. LEXIS 9080 at *10 (N.D.Ill. Jan. 28, 2011) (attached as Ex.D).

## Conclusion

For the reasons set forth above, Navy Federal Credit Union respectfully asks that its Motion to Dismiss be granted and that any claim against it arising from the Fair Credit Billing Act or the Fair Credit Reporting Act be dismissed, with prejudice.

Dated:   November 10, 2011                    Respectfully submitted:


   /s/ Kristin A. Zech
Amy S. Owen (VSB No. 27692)
Kristin A. Zech (VSB No. 68826)
COCHRAN & OWEN, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, Virginia  22182
(703) 847-4480 (telephone)
(703) 847-4499 (facsimile)
aowen@cochranowen.com
kzech@cochranowen.com
*Counsel for Defendant Navy Federal Credit Union.*

## NOTICE TO *PRO SE* PARTIES

**Pursuant to Local Civil Rule 7, you are hereby notified as follows:**

1. **You are entitled to file a response opposing this motion; any such response must be filed within twenty-one (21) days of the date on which this motion is filed.**

2. **The Court could dismiss the action, or part of the action, on the basis of the moving party's papers if you do not file a response.**

3. **You must identify all facts stated by the moving party with which you disagree and must set forth your version of the facts by offering affidavits (written statements signed before a notary public and under oath) or by filing sworn statements (bearing a certificate that it is signed under penalty of perjury).**

4. **You are entitled to file a legal brief in opposition to the one filed by the moving party.**

**CERTIFICATE OF SERVICE**

I, Kristin A. Zech, hereby certify that on November 10, 2011, copies of the foregoing Defendant Navy Federal Credit Union's Memorandum in Support of Motion to Dismiss was served as set forth below:

Via U.S. Mail:

Petty Officer James L. Gray
Stephanie Gray
7340 B Creed Court
Fort Meade, Maryland 20755

Bank of America, NA
c/o Mrs. Shelby Estrada
608 J Clyde Morris Blvd.
Newport News, VA 23601

GE Money Bank
c/o Attn: William Edward Bandon III
777 Long Ridge Road
Building C
Stamford, CT 06927

CitiFinancial
c/o Mrs. Tonya Barber
550 Oyster Point Road
Suite C
Newport News, VA 23608

   /s/ Kristin A. Zech
Amy S. Owen (VSB No. 27692)
Kristin A. Zech (VSB No. 68826)
COCHRAN & OWEN, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, Virginia 22182
(703) 847-4480 (telephone)
(703) 847-4499 (facsimile)
aowen@cochranowen.com
kzech@cochranowen.com
*Counsel for Defendant Navy Federal Credit Union.*